### 30771. MILLS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Rayford Mills was convicted of armed robbery on Indictment No. 106 and sentenced to serve two years in prison. The appeal is from this judgment. *Held:*

The charge of the court did not shift the burden of proof on the defense of alibi to the appellant. The court charged: "Alibi as a defense involves the impossibility of the accused's presence at the scene of the alleged offense at the time of the alleged commission and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of the presence of the accused at the time and place of the offense. If you believe that a crime was committed as charged, but you do not believe the defendants were present at the time and place of such offense, you should acquit on that ground. When testimony on the subject of alibi is offered on the trial of a case, it is the duty of the jury to consider that testimony along with all of the other evidence in the case in determining the guilt or innocence of that defendant. If considering any testimony on the subject of alibi alone or

along with all the other evidence in that case you should entertain a reasonable doubt as to the guilt of the defendant, it is your duty to give the defendant the benefit of that doubt and acquit him. The law is, as I have previously stated, that in order to convict you must believe the defendant guilty beyond a reasonable doubt."

This charge is substantially the same charge which this court approved in *Paschall v. State,* 230 Ga. 859 (2) (199 SE2d 803) (1973); *Payne v. State,* 233 Ga. 294 (7) (210 SE2d 775) (1974); and *Jordan v. State,* 235 Ga. 732 (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 29, 1976 — DECIDED FEBRUARY 24, 1976.

*King, Phipps & Associates, C. B. King,* for appellant.
*Sam B. Sibley, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.